**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**SERENA WASHINGTON**                                                           **PLAINTIFF**

**v.**                           **4:11-cv-00410-BRW**

**RYAN TEMPLE, individually, and in his
official capacity as a Police Officer in
Jacksonville, Arkansas, and
JACKSONVILLE, ARKANSAS**                           **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion to Stay Proceedings Pending Criminal Disposition. (Doc. No. 8). For the following reasons, the Motion is GRANTED.

On March 9, 2011, Plaintiff was arrested in Jacksonville, Arkansas, for misdemeanor disorderly conduct and refusing to submit to arrest.[1] During her arrest, Plaintiff was tased.[2] On May 16, 2011, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging violations of her Fourth, Fifth, and Fourteenth Amendment rights, as well as a violation of the Arkansas Civil Rights Act.[3]

Plaintiff was convicted in Jacksonville District Court, but appealed, and is currently awaiting a trial in Pulaski County Circuit Court on January 6, 2012.[4] Defendant argues that Plaintiff's civil action should be stayed until her criminal case is fully adjudicated.[5]

---

[1] Doc. No. 12.

[2] *Id.*

[3] Doc. No. 1.

[4] Doc. No. 8.

[5] *Id.*

The United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971) directed "federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented."[6] "A federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution."[7] A bad faith exception exists when the prosecution is begun to "retaliate for or discourage the exercise of constitutional rights."[8]

"Civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."[9] In *Wallace*, the Supreme Court stated that:

> [i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case is ended.[10]

In this case, Plaintiff's Complaint alleges that she was arrested "without a reasonable basis to believe that [she] had committed a crime" and that Defendant Temple "utilize[d] excessive force in effecting his arrest of [her]."[11] In analyzing the requirements of *Younger*, it appears both parties agree the first two requirements are met. There is an ongoing state criminal proceeding pending against Plaintiff which implicates an important state interest -- whether Plaintiff violated a state law.

---

[6] *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

[7] *Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988) (citations omitted).

[8] *Id*.

[9] *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (citing *Heck v. Humphry*, 512 U.S. 477, 486 (1994)).

[10] *Id*. at 393-94 (citing *Heck*, 512 U.S. at 487-88, n.8).

[11] Doc. No. 1.

Where the parties disagree is whether the proceeding affords an adequate opportunity to raise the federal questions presented. While I agree that Plaintiff's criminal prosecution does not afford her the opportunity to litigate her excessive force claim, it allows her to challenge the legality of her arrest. Furthermore, under the reasoning of *Wallace* and *Heck*, if Plaintiff was ultimately convicted, but I was to find that her arrest was illegal, *Heck* would mandate a dismissal of her case because my finding would imply that her conviction was invalid.[12] However, if Plaintiff is acquitted, her claim for illegal arrest may proceed before me.

Therefore, Defendant's Motion is GRANTED (Doc. No. 8) and Plaintiff's case is stayed until her state criminal proceedings are concluded. This case is administratively closed, but Plaintiff may re-open her case by filing a motion to re-open after final disposition of her criminal case.

IT IS SO ORDERED this 15th day of November, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[12] *See Buford v. Wright*, No. 3:10CV247-BSM 2011 WL 3758389, at *2 (E.D. Ark. Aug. 25, 2011) (finding that plaintiff's claim of illegal arrest must be stayed and administratively terminated until the conclusion of his criminal case).